**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Marina Carbajal-Armendariz, et al., <br><br> Defendants. | No. CV-13-02279-PHX-PGR <br><br> ORDER |

Pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. 26). Having considered the parties' memoranda in light of the relevant record, the Court finds that there is no genuine dispute as to any material fact and that plaintiff J & J Sports Productions, Inc. is entitled to entry of judgment in its favor as a matter of law pursuant to Fed.R.Civ.P. 56.

Background

The complaint, filed on November 7, 2013, alleges that defendants Marina Carbajal-Armendariz, aka Marina Carbajal, and Carbajal's Mexican Food, LLC, both doing business as Carbajal's Mexican Food ("the Restaurant"), showed the pay-per-view program *Manny Pacquiao v. Juan Manuel Marquez III WBO Welterweight Championship Fight Program* ("the Program") on November 12, 2011, at the

Restaurant located in Mesa, Arizona, without having purchased a commercial license to do so from the plaintiff, which held the exclusive nationwide commercial distribution (closed-circuit) rights to the Program. The complaint alleges three claims: violation of 47 U.S.C. § 605 (Count I), violation of 47 U.S.C. § 553 (Count II), and conversion (Count III).

Defendant Marina Carbajal-Armendariz, acting *pro se*, filed an answer on her own behalf on March 6, 2014. Defendant Carbajal's Mexican Food, LLC, through Carbajal-Armendariz, filed a Notice of Appearance and Intent to Defend on March 6, 2014, wherein it stated that it would defend this action once it retained counsel; however, to date, no counsel has filed a notice of appearance on its behalf and since a limited liability company may appear in federal court only through a licensed attorney, Carbajal-Armendariz cannot represent it. *See* Lattanzio v. COMTA, 481 F.3d 137, 140 (2nd Cir.2007) (noting that even a sole member or solely-owned limited liability company may appear in federal court only through a licensed attorney). The plaintiff has sought summary judgment against both defendants.

Discussion

Although the complaint alleges federal claims pursuant to 47 U.S.C. § 553 and § 605, the plaintiff's request for judgment is directed solely at its § 605 claim; it does not seek anything in its proposed judgment for its § 553 claim or its conversion claim. Section 605(a) provides, in relevant part, that

> [n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

1   This statute includes the interception of satellite television signals. DirecTV v. Webb, 545 F.3d 837, 844 (9th Cir.2008); J and J Sports Productions v. Coyne, 857 F.Supp.2d 909, 913 (N.D.Cal.2012) (47 U.S.C. § 605 "prohibits unauthorized receipt, publication, or use of satellite cable programming.")  The complaint alleges in part in Count I, the § 605 claim, that the defendants "did unlawfully intercept, receive, publish, divulge, and/or exhibit the *Program* at the time of its transmission" at their commercial establishment, and that they did so "willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain."

All of the relevant facts necessary to establish defendant Carbajal's Mexican Food, LLC's liability under § 605 have been conclusively established as a result of its failure to respond to the request for admissions directed at it, including that it unlawfully intercepted the Program without the plaintiff's authorization and that it did so willfully and for financial gain. *See* Fed.R.Civ.P. 36(a)(3); Conlon v. United States, 474 F.3d 616, 621 (9th Cir.2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment.") The plaintiff is therefore entitled to an award of § 605 damages as to Carbajal's Mexican Food, LLC.

The issue is somewhat different as to defendant Carbajal-Armendariz. She failed to respond to the request for admissions directed at her at the time they were due and the plaintiff relied on her deemed admissions pursuant to Fed.R.Civ.P. 36(a)(3) in its summary judgment motion. However, Carbajal-Armendariz thereafter responded to the request for admissions concomitantly with her response to the summary judgment motion and seeks to have her responses to the request for admissions made timely through her Motion for Extension of Time Within Which to Respond to Requests for Admission Nunc Pro Tunc. Notwithstanding the plaintiff's opposition to her motion,  the Court concludes that the motion should be granted

given Carbajal-Armendariz's *pro se* status and because the plaintiff has made no showing that it will be prejudiced by permitting Carbajal-Armendariz to substitute her filed responses for her deemed admissions. As the plaintiff concedes, "as evidenced by Plaintiff's Motion for Summary Judgment itself, summary judgment is appropriate irrespective of the requests for admissions." *See* Conlon, 474 F.3d at 623-24 ("When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial. ... We agree with the other courts that have addressed the issue and conclude that reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice.")

Based on Carbajal-Armendariz's responses to the request for admissions and her concessions in her summary judgment response and related documents, the Court concludes that there is no dispute as to the following relevant facts: that the Program was shown at the Restaurant on November 12, 2011 and was viewed by its patrons, that Carbajal-Armendariz ordered the Program for the Restaurant through her satellite television company DirecTV, that she did not pay a licensing fee directly to the plaintiff for the Program, that she is the owner and manager of the Restaurant and an officer of the entity owning the Restaurant, that she was in the Restaurant on the night the Program was shown, and that the Program was broadcast in the Restaurant while food and beverages were being sold to its patrons.

While Carbajal-Armendariz argues that she is not liable for violating § 605 because she purchased the right to broadcast the program from DirecTV, which she contends is the plaintiff's agent or licensee, and that if DirecTV had no right to sell the Program to her or if it charged her the wrong amount for the Program, that is the plaintiff's problem and not hers. The Court agrees with the plaintiff that this argument is not a cognizable defense to § 605 liability since that statute is in effect

a strict liability statute. See DirecTV v. Crespin, 224 Fed.Appx. 741, 757 (10th Cir. 2007) (noting that "§ 605(a) does not have an intent requirement."); J & J Sports Productions, Inc. v. Greathouse, 2015 WL 717907, at *2 (D.Ariz. Feb. 19, 2015) ("Violation of section 605 is a strict liability offense."); Kingvision Pay Per View, Ltd. v. Williams, 1 F.Supp.2d 1481, 1484 (S.D.Ga. 1998) ("William also states that she did not know she was doing anything illegal. The Cable Act [47 U.S.C. § 605], however, does not require a knowing violation. .. . Thus, Williams's knowledge concerns her damages and not her liability."); *see also*, Doherty v. Wireless Broadcasting Systems of Sacramento, Inc., 151 F.3d 1129, 1131 (9th Cir.1998) (noting that the "remedial provisions" of § 605 "take into consideration the degree of the violator's culpability and provide for reduce damages in those instances where the violator was unaware of the violation.") Based on its review of the evidence, viewed in the light most favorable to Carbajal-Armendariz, the Court concludes that the plaintiff is entitled to an award of § 605 damages from Carbajal-Armendariz.

Section 605 provides for statutory damages per violation "of not less than $1,000 or more than $10,000, as the court considers just." § 605(e)(3)(C)(i)(II). Section 605 also permits an additional award of enhanced damages of up to $100,000 if "the court in its discretion" determines that the defendant willfully violated the statute "for purposes of direct or indirect commercial advantage or financial gain." § 605(e)(3)(C)(ii). However, § 605 further provides that "[i]n any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250." § 605(e)(3)(C)((iii). The plaintiff, without differentiating between the two defendants, seeks an award of $ 6,600 in statutory damages and $ 23,100 in enhanced statutory damages, for a total statutory

damages award of $ 29,700.

The plaintiff's investigator, Florenco Mendez, states the following facts in his "fill in the blanks" form affidavit that are relevant to the issue of § 605 damages: that he visited the Restaurant for 30 minutes on the evening of November 12, 2011; that he did not pay a cover charge; that he ordered two drinks from a waitress; that the restaurant had four flat screen televisions, approximately 40" in size; that the televisions were showing the Pacquiao v. Marquez boxing event, and that he watched the first five rounds of the Luis Cruz v. Juan Carlos Burgos bout; and that the restaurant had the capacity of approximately 75 people, and that at the three times he counted the number of patrons there were, 55, 53, and 60 people. The investigator also provided some photographs showing that there was a satellite dish located somewhere on the roof of the strip mall in which the Restaurant is located. The plaintiff has also provided evidence through the affidavit of Joseph Gagliardi, the plaintiff's president, that the plaintiff never sold the defendants a sublicense to show the Program at the Restaurant and that no other entity was authorized to transmit the Program to the defendants, and that the Cruz v. Burgos fight seen by the plaintiff's investigator was an undercard bout that was part of the Program. The plaintiff has further provided evidence that the commercial licensing fee for the Program for an establishment with seating up to 100 people was $2,200. Carbajal-Armendariz has submitted a copy of her DirecTV bill which confirms that she paid the residential rate of $54.95 for the Program.

Carbajal-Armendariz argues that the plaintiff is entitled to only minimal damages pursuant to § 605(e)(3)(C)((iii) because she thought she was fully authorized to show the Program at the Restaurant inasmuch as she had a satellite television contract at the restaurant with DirecTV, she had purchased the Program

1  from DirecTV to show at the Restaurant after being solicited by DirecTV to do so,
2  and she knew nothing about DirecTV's pricing or authority regarding her access to
3  the Program and did not realize that the Restaurant had been billed the wrong fee
4  and that she had to pay a larger fee to the plaintiff to show the Program. The plaintiff
5  argues Carbajal-Armendariz is not entitled to a reduction in damages because she
6  objectively had reason to know that her showing of the Program was not authorized
7  inasmuch as DirecTV's commercial viewing agreement in effect at the time the
8  Program was broadcast warned its customers that not all programming transmitted
9  by DirecTV was available to commercial customers and that customers could be
10 subject to legal action for circumventing broadcast restrictions.

11      As the plaintiff acknowledges, the Court has considerable discretion in
12 awarding damages. Based on the evidence presented, the Court, taking into
13 account the provision of § 605(e)(3)(C)(iii) as it relates to Carbajal-Armendariz,
14 concludes that statutory damages pursuant to § 605(e)(3)(C)(i)(II) in the amount of
15 $ 1,100 is a just award as against both defendants.

16      While the plaintiff, without differentiating between the defendants, requests
17 that the Court also award it significant enhanced damages to deter the piracy of its
18 closed-circuit telecasts, the Court declines to award any enhanced damages under
19 the facts of this case against Carbajal-Armendariz. While the Court concludes that
20 the plaintiff is entitled to a discretionary award of some enhanced damages as to
21 Carbajal's Mexican Food, LLC in light of its deemed admissions (to the extent that
22 they were not contradicted by other evidence of record), the Court notes that there
23 is little evidence in the record of any significant "commercial advantage or private
24 financial gain" or of egregious misconduct by this defendant warranting anything
25 more that fairly minimal enhanced damages. *See* Kingvision Pay-Per-View, Ltd. v.

1  Guzman, 2008 WL 1924988, at *3 (D.Ariz. April 30, 2008) ("Courts use a variety of factors in determining whether a defendant's conduct is subject to enhanced damages for willfulness under § 605, including prior infringements, substantial unlawful monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover charge or premiums for food and drinks during the broadcast.") In light of the evidence, the Court will award $ 2,500 in enhanced damages pursuant to § 605(e)(3)(C)(ii) against Carbajal's Mexican Food, LLC.

The plaintiff also requests in its complaint and in its summary judgment motion that it be awarded its reasonable attorney's fees and relevant costs pursuant to § 605. The plaintiff is awarded its costs and fees because § 605(e)(3)(B)(iii) provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." The plaintiff is directed to comply with LRCiv 54.1 and LRCiv 54.2 in applying for its costs and fees. Therefore,

IT IS ORDERED that defendant Marina Carbajal-Armendariz's Motion for Extension of Time Within Which to Respond to Requests for Admission Nunc Pro Tunc (Doc. 29) is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 26) is granted pursuant to Fed.R.Civ.P. 56 to the extent that the plaintiff, pursuant to Count I of its Complaint, is awarded the total sum of $1,100.00 from defendants Marina Carbajal-Armendariz and Carbajal's Mexican Food, LLC pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), as well as the additional sum of $2,500.00 from defendant Carbajal's Mexican Food, LLC pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). The Clerk of the Court shall enter judgment for the plaintiff accordingly.

IT IS FURTHER ORDERED that the plaintiff shall file its request for attorney's

fees and costs in compliance with this Court's Local Rules.

DATED this 1st day of June, 2015.

Paul G. Rosenblatt
United States District Judge